IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ANTONIO LARES GONZALEZ<br>*Plaintiff,*<br><br>VS.<br><br><br>DS1 LOGISTICS INC., AND<br>STEVE JAMES RENEAU<br>*Defendants.* | §<br>§<br>§<br>§.   CIVIL ACTION NO._____<br>§<br>§<br>§<br>§<br>§ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES, Antonio Lares Gonzlaez, Plaintiff in the above-styled and numbered cause, complaining of DS1 LOGISTICS INC. and STEVE JAMES RENEAU, Defendants herein, and for his cause of action would show the court and jury as follows:

### I.
### VENUE AND JURISDICTION

1.1   Jurisdiction and venue are proper in the Federal District Court of the Southern District of Texas. This is a negligence cause of action arising from a motor vehicle accident occurring in Colorado County, Texas and within the boundaries of the Southern District of Texas. This claim is filed pursuant to the diversity statute of 28 U.S.C. 1332(a).

### II.
### PARTIES

**A.   PLAINTIFF**

2.1   Plaintiff, Antonio Lares Gonzalez is a non- resident individual who resides in Rio Bravo, Coahuila Mexico and brings suit herein in his individual capacity.

**B.   DEFENDANTS**

2.2   Defendant, DS1 Logistics Inc., is a domestic corporation, doing business in

the state of Illinois. DS1 Logistics Inc., may be served with process by serving its registered agent for service Edyta Ksiag at 600 Tollgate Rd., Ste C Elgin, Illinois 60123.

2.3   Defendant, Steve James Reneau, is an individual who resided in North Dakota and may be served with process at his residence, 6448 Tagus St. Berthold, North Dakota 28212. Service of process is requested by private process as authorized by the court.

## III.
### STATEMENT OF FACTS

3.1   On or about July 20, 2022, Antonio Lares Gonzalez was parked off the roadway facing west at the 696 west-bound entrance ramp due to him having a front passenger blown out tire. Mr. Lares was getting back into the cab of his vehicle when his vehicle was violently struck from behind by the vehicle driven by the Defendant, Mr. Reneau. This severe collision caused Mr. Lares to fall onto the concrete pavement, Mr. Lares do not recall how got into the ambulance but does recall being treated at the hospital for his injuries. As a result of the collision, Antonio Lares Gonzalez sustained bodily injuries.

## IV.
### STEVE JAMES RENEAU

4.1   At the time and on the occasion in question, Defendant, Steve James Reneau, while operating said vehicle within the course and scope of his employment for DS1 Logistics Inc., and while operating said vehicle for and on behalf of DS1 Logistics Inc.'s. permission, failed to use ordinary care by various acts and omissions each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

      1.   in failing to maintain and/or control his speed;

      2.   in failing to keep a proper lookout;

3. in operating his vehicle in an unsafe manner;

4. failing to take proper corrective action to avoid the accident made the basis of this suit;

5. failing to maintain proper attention while operating a motor vehicle;

6. in failing to appropriately apply the brakes or otherwise stop the vehicle;

7. in operating the vehicle in a careless and heedless fashion on the roadway as to endanger other persons using the roadway;

8. in failing to abide by the proper rules and regulations concerning the vehicle's safe operation;

9. in failing to keep the vehicle under control so as to avoid accidents; and

10. in failing to operate the vehicle in a reasonable and prudent manner.

4.2     Each and all of the above foregoing acts of omission and/or commission constituted negligence and negligence *per se* and were a proximate cause of damages to Plaintiff, Antonio Lares Gonzalez, and for which Plaintiff hereby seeks recovery within the jurisdictional limits of this court.

## V.
## DS1 LOGISTICS, INC., ("DS1")

5.1     At the time and on the occasion in question, Defendant, DS1 Logistics, Inc., (hereinafter "DS1") was the owner of the 2020 Ferightliner and 2016 Great Dane Trailer driven by Steve James Reneau. Steve James Reneau was under the control of DS1, as an employee and/or agent of DS1 and was acting within the course and scope of his employment. Therefore, DS1 is vicariously responsible for the negligence and negligence per se of Steve James Reneau based on the theory of *Respondeat superior*.

5.2   Plaintiff, Antonio Lares Gonzalez further asserts and alleges that at the time of the collision made the basis of this suit that Defendant, DS1, was guilty of various acts and/or omissions which constituted negligence, including, but in no way limited to the following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

1. failing to properly train Steve James Reneau;

2. failing to properly monitor and supervise Steve James Reneau;

3. negligently entrusting a vehicle to Steve James Reneau;

4. failing to properly implement appropriate policies and procedures;

5. failing to provide proper and/or adequate training with respect to safe vehicle operation;

6. failing to ensure the safety of others through proper training;

7. failing to ensure that the brakes were working properly;

8. failing to properly inspect the vehicle to ensure its safe operation on the roadway.

9. failing to properly monitor drivers to ensure proper documentation of compliance with statutes and regulations governing;

10. creating a danger to the public, of which it had specific knowledge, and then failing to protect the public from that danger;

11. in failing to comply and/or ensure compliance with the Federal Motor Carrier Safety Administration's daily driving limits and other hours-of-service regulations;

12. in failing to properly maintain and service its vehicles;

13. negligently exercising control on Steve James Reneau; and

14. having superior knowledge of specific risk and specific danger and failing to guard against it.

5.3   Each and all of the above foregoing acts of omission and/or commission constituted negligence and negligence *per se* and were a proximate cause of damages to Plaintiff, Antonio Lares Gonzalez, and for which Plaintiff hereby seeks recovery within the jurisdictional limits of this court.

## VI.
### DAMAGES

6.1   Nearly all of the elements of damages for personal injury and wrongful death are unliquidated and, therefore, not subject to precise computation. Plaintiff seeks to recover damages in amounts that the jury finds the evidence supports and that the jury finds to be appropriate under all of the circumstances. This amount is in excess of one (1) million dollars.

6.2   As a result of the incident in question, Plaintiff, Antonio Lares Gonzalez suffered disabling injuries, physical pain and mental anguish. He has sustained past and future reasonable and necessary medical expenses for the care and treatment of his injuries, a loss of wages and loss of earning capacity, both past and future, physical impairment, both past and future, physical pain and mental anguish, both past and future, disfigurement, loss of household services, and a diminution of enjoyment of life, both past and future, all to his damage in an amount which has not been ascertained, but which is in excess of the minimum jurisdictional limits of this court, and the minimum $75,000.00 jurisdictional limits of the federal courts.

## VII.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

7.1   Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.
### JURY DEMAND

8.1   Plaintiff requests a trial by jury for all issues of fact. A jury fee has been

paid timely and properly.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited and required to answer herein as required by law, and that on final trial by jury, Plaintiff be awarded judgment against each of the Defendants, jointly and severally, for the full amounts of Plaintiff's actual damages, and for prejudgment and post judgement interest and costs of court and such other and further relief to which Plaintiff may show himself entitled.

Respectfully submitted,

**WIGINGTON RUMLEY DUNN & BLAIR, L.L.P.**
123 North Carrizo Street
Corpus Christi, TX  78401
Telephone:   (361) 885-7500
Facsimile:    (361) 885-0487

By:   */s/ Jerry Guerra*
David L. Rumley
State Bar No. 00791581
Federal I.D. No. 18120
drumley@wigrum.com
Jerry Guerra
State Bar No. 00789326
Federal I.D. No. 18166
jguerra@wigrum.com

**ATTORNEYS FOR PLAINTIFF**