IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTONIO LARES GONZALEZ §<br>   *Plaintiff,* §<br>§<br>VS. §<br>§<br>DS1 LOGISTICS, INC., AND §<br>STEVE JAMES RENEAU §<br>   *Defendants.* § | CIVIL ACTION NO. 2:23-cv-00295 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST STEVE JAMES RENEAU AND REQUEST FOR HEARING**

Plaintiff asks the Court to render a default judgment against defendant STEVE JAMES RENEAU and requests a hearing.

### A. INTRODUCTION

1. Plaintiff is Antonio Lares Gonzalez; Defendant is Steve James Reneau ("Defendant").

2. On November 15, 2023 Plaintiff sued defendant Steve James Reneau for negligence.

3. On November 15, 2023 Plaintiff filed his Complaint and Demand for Jury Trial with the Court. On February 9, 2024, defendant Steve James Reneau was served with a summons and a copy of Plaintiff's complaint by delivering it to Sheryl Reneau at 1243 Havner Lane, Houston, Texas 77037. A copy of the return of service is attached as Exhibit A [Doc 10]. Defendant did not file a responsive pleading or otherwise defend the suit.

4. On March 19, 2024 the Clerk of Court entered a default against Defendant, Steve James Reneau. A copy of the entry of default is attached as Exhibit B. [Doc 18]

5.      Plaintiff now asks the Court to render a default judgment and requests a hearing on said Motion.

## B. ARGUMENT

6.      A court may render a default judgment against a party who has not filed a responsive pleading or otherwise defended the suit. *See* Fed. R. Civ. 55(a), (b)(2); *United States v. $23,000 in U.S. Currency*, 356 F3d 157, 163-64 (1st Cir. 2004).

7.      This Court should render a default judgment against Defendant because Defendant did not file a responsive pleading within 21 days after February 9, 2024, the date of service. Fed. R. Civ. P. 12(a) (1)(A)(i).

8.      Defendant is not a minor or an incompetent person. Fed. R. Civ. P. 55(b)(2).

9.      Defendant is not in military service. *See* 50 U.S.C. §3931(b)(1). An affidavit of Defendant's military status is attached as Exhibit C.

10.     Plaintiff is entitled to relief against Defendant Steve James Reneau because on or about July 20, 2022, Antonio Lares Gonzalez ("Mr. Lares") was parked off the roadway facing west at the 696 west-bound entrance ramp due to him having a front passenger blown out tire. Mr. Lares was getting back into the cab of his vehicle when his vehicle was violently struck from behind by the vehicle driven by Defendant, Steve James Reneau ("Mr. Reneau"), while in the scope of employment for DS1 Logistics, Inc. This severe collision caused Mr. Lares to fall onto the concrete pavement. Mr. Lares does not recall how he got into the ambulance but does recall being treated at the hospital for his injuries. As a result of the collision, Antonio Lares Gonzalez sustained bodily injuries.

11. At the time and on the occasion in question, Defendant, DS1 Logistics, Inc., was the owner of the 2020 Freightliner and 2016 Great Dane Trailer driven by Mr. Reneau. Mr. Reneau was under the control of DS1 Logistics, Inc., as an employee and/or agent of DS1 Logistics, Inc. and was acting within the course and scope of his employment. Therefore, DS1 Logistics, Inc. is vicariously responsible for the negligence and negligence per se of Mr. Reneau based on the theory of *Respondeat superior*.

12. Plaintiff, Antonio Lares Gonzalez further asserts and alleges that at the time of the collision made the basis of this suit that Defendant, DS1 Logistics, Inc., was guilty of various acts and/or omissions which constituted negligence, including, but in no way limited to the following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

    a) failing to properly train Steve James Reneau;

    b) failing to properly monitor and supervise Steve James Reneau;

    c) negligently entrusting a vehicle to Steve James Reneau;

    d) failing to properly implement appropriate policies and procedures;

    e) failing to provide proper and/or adequate training with respect to safe vehicle operation;

    f) failing to ensure the safety of others through proper training;

    g) failing to ensure that the brakes were working properly;

    h) failing to properly inspect the vehicle to ensure its safe operation on the roadway;

    i) failing to properly monitor drivers to ensure proper documentation of compliance with statutes and regulations;

  j) creating a danger to the public, of which it had specific knowledge, and then failing to protect the public from that danger;

  k) in failing to comply and/or ensure compliance with the Federal Motor Carrier Safety Administration's daily driving limits and other hours-of-service regulations;

  l) in failing to properly maintain and service its vehicles;

  m) negligently exercising control over Steve James Reneau; and

  n) having superior knowledge of specific risk, specific danger and failing to guard against it.

13. Each and all of the above foregoing acts of omission and/or commission constituted negligence and negligence *per se* and were a proximate cause of damages to Plaintiff, Antonio Lares Gonzalez, and for which Plaintiff hereby seeks recovery within the jurisdictional limits of this court. *See* Fed. R. Civ. P. 55(d); *Ledo Fin. Corp. v. Summers*, 122 F.3d 825, 827 (9th Cir. 1997).

14. Plaintiff seeks liquidated damages in the amount of $234,346.00.

15. Plaintiff seeks unliquidated damages in the amount of $1,171,730.00. Plaintiff requests a hearing to present evidence in support of his request for damages.

## C. CONCLUSION

16. Plaintiff had Defendant, Steve James Reneau duly served, and Steve James Reneau has not filed a responsive pleading or otherwise defended the suit. For these reasons, Plaintiff asks the Court to grant this motion and render a default judgment for the sum of $1,406,076.00, plus costs and interest.

## D. PRAYER & REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Motion for Default Judgment be granted, a hearing be set and such other relief, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**WIGINGTON RUMLEY DUNN & BLAIR, L.L.P.**
123 North Carrizo Street
Corpus Christi, Texas 78401
Telephone: (361) 885-7500
Facsimile: (361) 885-0487

By: _/s/ Jerry Guerra_
Jerry Guerra
State Bar No. 00789326
Federal I.D. No. 18166
jguerra@wigrum.com
David L. Rumley
State Bar No. 00791581
Federal I.D. No. 18120
drumley@wigrum.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on March 20, 2024, a copy of Plaintiff's Motion for Default Judgment was served by certified U.S. mail, return receipt requested and by regular U.S. mail on the following:

**CMRRR:  7015 3430 0001 0523 7676**
**AND US REGULAR MAIL**
DS1 Logistics, Inc.
Registered Agent:  Edyta Ksiag
600 Tollgate Road, Suite C
Elgin, IL 60123-9342

**CMRRR:  7015 3430 0001 0523 7783**
**AND US REGULAR MAIL**
 Steve James Reneau
1243 Havner Lane
Houston, Texas 77037

                                                     */s/ Jerry Guerra*
                                                    Jerry Guerra